# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:07CR33

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| JOHN WILSON PATTON ) | |

**THIS MATTER** came on for hearing before the Court for sentencing on January 28, 2008, pursuant to Defendant's conviction by jury of the charges herein.

At the beginning of the hearing, the Defendant's counsel stated that he had observed the Defendant's demeanor during the period of his representation (since April 2007) and, at times, was troubled by Defendant's irrational behavior and the decline in his general mental health. These concerns were confirmed when counsel reviewed the presence report which reported that the Defendant was diagnosed in 2000 as suffering from paranoid schizophrenia and post traumatic stress disorder. The Defendant's presence report disclosed that the

Defendant had been admitted to the Veterans Administration (VA) Hospital in April 2000 for schizophrenia and had attempted suicide on two occasions, one by a drug overdose and the other by hanging. **See Presentence Report, dated November 13, 2007, ¶ 87.**

> According to discharge papers from April 2000 at the VA, the defendant was assessed on 3/29/00 and appeared to have a variety of significant difficulties including organic brain syndrome involving some frontal functions, some left hemisphere functions, and severe memory recall failure. It was felt he was probably in the early phases of dementia. He was found to suffer from a significant level of post-traumatic stress disorder related to his combat history. He produced clear indications of thought disorder. On 4/13/00, it was reported that the defendant complained of having depression, post-traumatic stress disorder symptoms, and suicidal ideas. He reported having heard voices for many years and having felt paranoid and vigilant.

*Id*. Counsel expressed to the Court his concerns regarding the Defendant's ability to make rational decisions regarding whether or not to take a plea in this case or go to trial. At that point, the Court continued the sentencing hearing and directed the Defendant undergo a psychological and psychiatric evaluations.

**IT IS, THEREFORE, ORDERED** that the Defendant shall be examined by at least one qualified psychiatrist pursuant to 18 U.S.C. § 4241(b) and Fed. R. Crim. P. 12.2 to determine if the Defendant was, at

the time he entered his not guilty plea and decided to proceed to trial, then insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him, to understand the consequences of entering a plea of not guilty and proceeding to trial, or to properly assist in his defense during the course of the trial.

**IT IS FURTHER ORDERED** that the Defendant shall be examined to determine whether at the time of the commission of the alleged offense he was criminally responsible pursuant to 18 U.S.C. § 4242.

**IT IS FURTHER ORDERED** that, for purposes of examination and pursuant to § 4241(b), the Defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed 45 days, as is necessary to make evaluations as to whether the Defendant (1) was, at the time he entered his not guilty plea and decided to proceed to trial, then insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him, to understand the consequences of entering a plea of not guilty and proceeding to trial, or to properly assist in his defense during the course of the trial; and (2) was, at the time of the commission of the alleged offense, criminally responsible.  **18 U.S.C. §§**

**4241(b), 4247(b) and (c).** For purposes of determining the 45-day period, the examination is deemed to commence on the day the Defendant is admitted to the mental health facility.

**IT IS FURTHER ORDERED** that the Warden or Case Manager of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this Court, with copies sent to Defendant's counsel, the United States Attorney, and the United States Marshal.

**IT IS FURTHER ORDERED** that the psychiatrist, as designated by the Attorney General to examine the Defendant, shall prepare a psychiatric report pursuant to the requirements of 18 U.S.C. § 4247(c) and shall forward the original report to this Court, and copies to the United States Attorney and defense counsel.

**IT IS FURTHER ORDERED** that the United States Marshal shall transport the Defendant to the mental health institution, which shall be designated by the Attorney General, and return the Defendant immediately upon completion of the examination to the Western District of North Carolina where Defendant shall remain in the custody of the United States Marshal.

**IT IS FURTHER ORDERED** that the United States Marshal shall provide the Defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

The Clerk is directed to transmit this Order electronically to Defendant's counsel, the United States Attorney, the United States Marshal, the United States Probation Office, and the designated mental health facility in care of the United States Marshal.

Signed: January 31, 2008

Lacy H. Thornburg
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants